# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **LINWOOD MCCREARY** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. 02-1986 (RMC) |
| **v.** ) | |
| ) | |
| **JOHN E. POTTER, et al.,** ) | |
| **Postmaster General** ) | |
| **United States Postal Service** ) | |
| ) | Jury Trial Demanded |
| **Defendants** ) | |
| _____ ) | Pro Se |

## MOTION TO AMEND PRELIMINARY INJUNCTION
Submitted on or about 3/6/03

Plaintiff McCreary, respectfully move, pursuant to Federal Rule of Civil Procedure 65 Injunctions, and the Postal Reorganization Act of 1970, Title 18 U.S.C. 1711, specifically, the last paragraph thereof, and the defendant's own witness, Manager Peter Sgro sworn declaration, submitted pursuant to complaint 01:01CV01451, and resubmitted by the plaintiff on 3/26/03, that the Court order, for reasons of safety, the defendants to cease and desist the "practice" of using the Motor Vehicle Operator(hereafter, MVO), to pick up receipts and remittances or alternatively, bank deposits from the defendant's field post offices, stations and branches and delivering the same to the defendant's depository at the Brentwood Main Postal Facility.

The defendants "practice," of using the Motor Vehicle Operator and the plaintiff, a "Slash"

- 1 -

to perform the foregoing, pickup and delivery of receipts and remittances, is a material breach of Title 18 U.S.C. 1711, specifically, the last paragraph, which is added pursuant to the Postal Reorganization Act of 1970(hereafter, PRA).

Title 18 U.S.C. 1711, authenticates and validates, the Window Clerk Technician, T-6 (hereafter, T-6), job description, page 1 line 4, submitted 3/26/03, by the plaintiff, which show the T-6 employee, is **required** to, "prepares daily consolidated financial report of all window receipts for accounting office and **make deposit** of consolidated funds under local bank deposit plan."

The defendant's own witness, Peter Sgro, Manager Contract Administration, sworn declaration submitted in complaint 01:01CV01451, 6/29/01, resubmitted 2/26/03 Exhibit E, by the plaintiff, clearly show the defendants knowingly and willingly subject the MVO driver and the plaintiff, a "Slash," to **unsafe** and hazardous work conditions, a violation of Article 14 of the CBA, by coercing the MVO driver to the pick up and delivery of receipts and remittances, among other things.

Pursuant to information and belief, evidence will show, contrary to the fraudulent statements made by the defendants in their submission on February 7, 2003, the U. S. Postal Police are **required** to pick up and deliver receipts and remittances, not the MVO driver or Slash, as alleged by the defendants in their submissions to the Court. Pursuant to information and belief, the defendants coerce the Motor Vehicle Operator and the plaintiff, a "Slash", to pickup and deliver receipts and remittances, using the theat of prison, among other things.

Pursuant to information and belief, a report to the Board of Governors by Ex Postmaster

General William Henderson, in 1998, show that the defendants have in place the necessary 39, ooo field bank accounts or alternatively, on bank account for each post office, station, and branches, to be in compliance with Title 18 U.S.C. 1711. The fact that the defendants choose not to use the field bank accounts, established, "for the purpose of remitting surplus funds from one post office to another," as stated, by, Title 18 U.S.C. 1711, and alluded to be in place by Ex Postmaster General William Henderson, clearly, show, the defendant's total reckless disregard for the life and safety of the Motor Vehicle Operator and the "Slash."

Arbitrators, as a practice, policy and custom, including Arbitrator Edmund W. Schedler, Jr., among others, have ruled against the post office, when the post office has failed to obey its own rules and regulations, stating, in part:

1. USPS and APWU, Case No. S4c-3T-C 63657, "Bargaining unit employees are expected to obey Postal rules and regulations. Likewise, Supervisors and Managers are expected to obey Postal rules and regulations."

2. USPS and APWU, Case No. S4C-3W-C 22674, "Many arbitrators do not like to sustain or deny grievances on procedural technicalities. I feel the same way; however, management made the rules and management is expected to follow those rules."

The Courts have generally, enforced the decisions of the Arbitrator. If not but for, the defendants fraudulent conduct, as evidenced by the plaintiff, in the totality of the record, one would reasonably determine, if, the instant complaint had been permitted to be presented before Arbitrator Edmund W. Schedler, Jr., Mr. Schedler would have no hesitation to rule against the defendants.

Sufficiently, plaintiff, McCreary, has made not rule, regulation, law, or job description, the

defendants did. The plaintiff, has violated not rule, regulation, law or job description, the defendants did. The defendants, decided the consequences for the violations of the stated, rules, regulations, laws, and job description, therefore, it is only fitting that they, by their own mouth and hand, should receive that which they were willing to give others.

Conclusively, the defendants, pursuant to their secret agreement, had determined, should any employee, not lawyers because the distinction of "exclusive" recognition would act as bulwark to them, were to catch up to the defendants, as the plaintiff has, the defendants would have the advantage of the Court and their college education. This Court and any other Court or finder of fact, would be justified in leveling the field of play, at least, by being as lenient with the plaintiff as would be the Arbitrator, where their college education could be neutralized, otherwise, the defendants, conspiracy would have worked to their advantage and to the disadvantage of public safety, health and interest, primarily, because others would surely follow.

Date: 3/12/03

Respectfully submitted,

*Linwood McCreary*
Linwood McCreary
6714 Willow Creek Rd.
Bowie, Md. 20720-3326
301-464-0781

Express No. E U 7 4 4 6 6 9 1 9 0 U S

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Motion To Amend Preliminary Injunction, submitted on 3/6/03, and the proposed ORDER was sent to the follow at the address shown, by First Class mail, among other methods.

U.S. District Court
Clerk's Office Rm. 1225
333 Constitution Ave. N. W.
Washington, D. C. 20001

Oliver W. McDaniel
Assistant United States Attorney
Judiciary Center Building
555 Fourth St., N. W.   Rm. 10-450
Washington, D.C. 20530

United States Attorney General
950 Pennsylvania Ave. N. W.
Washington, D.C. 20530

Peter J. Leff
O'Donnell, Schwartz & Anderson, P.C.
1300 L Street N. W., Suite 1200
Washington, D. C. 20005-4126

as representative of President William Burrus and Patricia A. Johnson of the American Postal Workers' Union.

Date: 3/12/03

Linwood McCreary
6714 Willow Creek Rd.
Bowie, Md. 20720-3326
301-464-0781